# EXHIBIT B

# Law Offices of Andy Winchell, P.C.

100 Connell Drive, Suite 2300
Berkeley Heights, New Jersey 07922
973-457-4710
www.winchlaw.com
andy@winchlaw.com

May 29, 2017

**<u>BY U.S. AND CERTIFIED MAIL
AND FAX TO 866-590-8910</u>**

Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road
Suite 300
Eagan, Minnesota  55121

>   Borrower(s):        Christine Coppola
>   ASC Loan Number:  1205518122
>   Wells Fargo Loan Number: 0534117155
>   Property Address:   46 Hamilton Road, Verona, New Jersey 07044

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act. Pursuant thereto, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays). Under Section 1024.35(b) of Amended Regulation X, the term "error" includes the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.

(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.

(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).

(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).

(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days (excluding legal public holidays, Saturdays and Sundays) provide our office with a response to this Request acknowledging receipt of this information request.

Pursuant to Section 1024.36(d), you must respond no later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information with the remaining information requested.

On or about May 16, 2017, we transmitted to you a request for loss mitigation through the Bankruptcy Court's Default Mitigation Portal. On or about May 20, 2017, you informed us through the enclosed letter that you denied our Client's request for a loan modification. Your explanation of the reasons for denial shows that you severely miscalculated our Client's monthly income.

The enclosed letter indicates that you calculated our Client's monthly gross income to be $5,860. As shown by the enclosed Financial Statement, Non-Borrower Assistance Certification and Proof of Income, our Client's monthly gross income is $8,968. You must re-evaluate our Client for loss mitigation using the correct figures.

Please correct these errors and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower with a notification that includes a statement that you have determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents you relied upon in reaching this determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

Andy Winchell

Encl.

Cc:   Michael Dinderdissen, Esq. (by Email)
      Henry Reichner, Esq. (by Email)
      Megan Mantsis (by Email)